IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN BATCHELOR | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| REGAL CINEMAS, INC., d/b/a REGAL POHATCONG 12; REGAL ENTERTAINMENT GROUP, | ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

1. The Plaintiff, Jean Batchelor, is an adult individual currently residing at The Cottages of Oak Springs, 1900 Woodgate Drive, Apartment #406, Waco, Texas 76712.

2. The Defendant, Regal Cinemas, Inc., is a corporation, partnership, organization and/or other business entity organized and existing under the laws of the State of Tennessee, with its principal place of business located at 7132 Regal Lane, Knoxville, Tennessee 37918. Said Defendant was, at all times pertinent hereto and currently, regularly conducting business within Pennsylvania, and maintains theatres in various Pennsylvania counties including, but not limited to Philadelphia County, Delaware and Northampton Counties. At the time, date and place of the accident alleged herein, the Defendant owned and operated, possessed and/or controlled the theatre at which the accident happened located at 1246 US Highway 22, Phillipsburg, Warren County, NJ 08865. The said defendant reasonably expected to be subject to suit within Pennsylvania, and in fact, has been subject to process within Pennsylvania in the past.

3. The Defendant, Regal Entertainment Group, is a corporation, partnership, organization and/or other business entity organized and existing under the laws of the State of Tennessee, with its principal place of business located at 7132 Regal Lane, Knoxville, Tennessee 37918. Said Defendant was, at all times pertinent hereto and currently, regularly conducting business within Pennsylvania, and maintains theatres in various Pennsylvania counties including, but not limited to Philadelphia County, Delaware and Northampton Counties. At the time, date and place of the accident alleged herein, the Defendant owned and operated, possessed and/or controlled the theatre at which the accident happened located at 1246 US Highway 22, Phillipsburg, Warren County, NJ 08865. The said defendant reasonably expected to be subject to suit within Pennsylvania, and in fact, has been subject to process within Pennsylvania in the past.

4. On or about January 18, 2003, the Plaintiff, Jean Batchelor, was a business invitee at the Defendants' theatre, located at 1246 US Highway 22, Phillipsburg, Warren County, NJ 08865, having just attended a movie showing on the premises. At the front of the lobby and within the view of the Defendant's agents, servants, and/or employees, the Plaintiff waited for her niece who had attended the movie with her to get the car. At the same time, date, and place, a group of teenagers were fooling around, laughing very loud, hitting each other and running away from each other. The Defendant's employees were there and were aware of it and could have stopped it from happening. After about 5-6 minutes of this, one of the teenagers, a "pretty big fella" about 14-15 years old started back-peddling trying to get away from another teenager who was going to hit him. He back-peddled right into Plaintiff, Jean Batchelor, hit her on the left side, knocked her to the ground, and causing her to land on her right side, causing her severe and disabling injuries more particularly described below.

5. On information and belief, Plaintiff alleges that this is not the first time the theatre had been menaced by such rambunctious teenagers, and defendants were on notice of the hazards which they posed to business invitees, particularly those of advanced years.

6. At the time, date and place aforesaid, the careless and negligent acts of the Defendants, Regal Cinemas, Inc., and/or Regal Entertainment Group, acting through their actual and/or apparent agents, servants and/or employees, consisted of the following:

(a) In failing to provide the Plaintiff, who was a business invitee, with a safe place in which to attend the foreseeable activities of the invitation upon the property;

(b) In failing to warn the Plaintiff of the need to protect herself;

(c) In failing to clear intervene or make any attempts to dissuade or discourage, or otherwise prevent the teenagers from posing a foreseeable risk to the Plaintiff;

(d) In causing the Plaintiff to suffer a violent contact resulting in serious bodily injury;

(e) In failing to adequately supervise the activities of the teenagers and/or theatre patrons;

(f) In failing to adequately train the Defendant's employees on the types of activity which were permissible and when some type of intervention was necessary;

(g) In creating a hazardous and dangerous artificial condition and subjecting the Plaintiff to same;

(h) In inviting the public to the premises in question knowing, or having reason to know, that they would be subjected to an unreasonable risk of harm;

(i) In failing to provide security personnel to prevent by deterrence and/or intervention such activities from occurring and/or from posing a risk to the Plaintiff;

(j) In negligently hiring the individuals involved in the theatre who should have taken some action to prevent the occurrence of the above-described incident;

(k) In failing to provide reasonably safe premises for business and/or public invitees such as the Plaintiff;

(l) In failing to appropriately post policies and/or warnings designed to discourage or prevent the occurrence of such an accident as described above;

(m) In failing to properly evaluate the risk of harm to business invitees such as the Plaintiff when the activities of teenagers is involved;

(n) In failing to adopt a program and/or policy which would have eliminated and/or minimized the risk of harm to the Plaintiff and others similarly situated;

(o) In failing to take necessary steps to prevent the foreseeable injuries as described herein;

(p) In permitting a dangerous and hazardous environment to exist;

(q) In failing to maintain the theatre in a safe and proper condition;

(r) In failing to warn or prevent by way of notice to the Plaintiff the accident;

(s) In otherwise failing to use due care under the circumstances.

7. As a direct and proximate result of the above-described occurrence, the Plaintiff, Jean Batchelor, suffered serious and permanent injury, including but not limited injury to right hip fracture with open reduction internal fixation pinning, intertrochanteric fracture of right hip, etc., as a result of which she has been rendered sick, sore and disabled, all of which has been to her great financial loss.

8. As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered great mental anguish and physical pain to the date of the filing of this Complaint, all of which has been to her great financial loss.

9. As a direct and proximate result of the above-described occurrence, the Plaintiff will continue to suffer great mental anguish and physical pain into the future, all of which will be to her great financial loss.

10. As a direct and proximate result of the above-described occurrence, Plaintiff has incurred substantial medical expenses to date.

11. As a direct and proximate result of the above-described occurrence, the Plaintiff will have to expend large sums of money in the future due to the nature of her injuries.

12. As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue her usual occupation for extended periods of time and has suffered lost wages, and other lost employment benefits, all of which has been to her great financial loss.

13. As a direct and proximate result of the above-described occurrence, the Plaintiff will be unable to pursue her usual occupation for extended periods of time into the future and will suffer lost wages, and other lost employment benefits into the future, all of which has been to her great financial loss.

14. As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life up to the date of the filing of the Complaint, all of which has been to her great financial loss.

15. As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, be unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and she will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life, all of which will be to her great financial loss.

16. As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer loss of earning capacity, all of which will be to her great financial loss.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, and all recoverable costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

Michael A. Snover, Esquire
I. D. #49786
101 S. Third Street
Second Floor
Easton, Pa. 18042

ATTORNEY FOR PLAINTIFF